KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
EDWIN L. JOE (SBN 112328)
Special Assistant United States Attorney

455 Market Street, 6th Floor
San Francisco, California 94105-2420
Telephone: (415) 744-8494
Facsimile: (202) 481-1810 or (415) 744-6812
Email: edwin.joe@sba.gov

Attorneys for Federal Plaintiff

E-filing

MISC 05 0078

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**MILEPOST VENTURES, L.P.**<br><br>**Defendant.** | **Civil Case No. C 05 – 1195 EMC**<br><br>**Stipulation for Receivership Order**<br><br>**(Cover Page)** ; Order (EMC) |

//

//

//

//

//

//

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**MILEPOST VENTURES, L.P.**<br><br>**Defendant.** | ) | **Civil Case No. C 05 – 1195 EMC**<br><br>**Receivership Order** |

**CONSENT ORDER OF RECEIVERSHIP**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Pursuant to the provisions 15 U.S.C. §687c, this Court hereby takes exclusive jurisdiction of Milepost Ventures, L.P. ("MILEPOST"), and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of MILEPOST ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of MILEPOST's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of MILEPOST under applicable state and federal law, by the Articles of Limited Partnership, and By-Laws of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees,

directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of MILEPOST are hereby dismissed and the powers of any general partners are hereby suspended. Such persons and entities shall have no authority with respect to MILEPOST's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of MILEPOST and shall pursue and preserve all of its claims.

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to MILEPOST. The past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of MILEPOST, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to MILEPOST and all of MILEPOST's assets and all other assets and property of the limited partnership, whether real or personal. Milepost Ventures Management, Inc., the general partner of MILEPOST shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of MILEPOST, a list of all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of MILEPOST, as well as the names, addresses and amounts of claims of all known creditors of MILEPOST. Within thirty (30) days following the entry of this Order, Milepost Ventures Management, Inc., the general partner of MILEPOST shall also furnish a written report describing all assets. All persons and entities having control,

Case 3:05-mc-10057-DLM Document 1 Filed 06/03/2005 Page 4 of 18

custody or possession of any assets or property of MILEPOST are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of MILEPOST, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to MILEPOST shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if MILEPOST had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of MILEPOST, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this

Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

6. MILEPOST's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners of MILEPOST, and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to MILEPOST. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving MILEPOST or any assets of MILEPOST, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving MILEPOST, the Receiver, or any of MILEPOST 's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking

any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving MILEPOST or any assets of MILEPOST, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving MILEPOST, the Receiver, or any of MILEPOST's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of MILEPOST against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

8. MILEPOST and its past and/or present directors, officers, managers, general or limited partners, agents, employees and other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of MILEPOST to the detriment of MILEPOST or of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq.

Case 1:05-cm-00007-EMC Document 11 Filed 06/03/2005 Page 7 of 9

9. The Receiver is authorized to borrow on behalf of MILEPOST, from the SBA, up to $500,000 and is authorized to cause MILEPOST to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of MILEPOST, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of MILEPOST.

10. This Court determines and adjudicates that SBA has made a sufficient showing that MILEPOST has violated the Act and the Regulations, as alleged in the Complaint filed against MILEPOST in the instant action, to obtain the relief so requested.

DATED this 13 day of January, 2005.

______________________________
UNITED STATES DISTRICT COURT JUDGE

**SEEN, STIPULATED AND AGREED:**

Milepost Ventures, L.P., through its authorized representative

By: /s/ Christine B. Cordano

Title: General Partner
Milepost Ventures Management, Inc.
General Partner of Milepost Ventures, L.P.

Date: ________

United States Small Business Administration

By: /s/ Thomas G. Morris, Director
Office of Liquidation

Date: 01-26-05

9. The Receiver is authorized to borrow on behalf of MILEPOST, from the SBA, up to $500,000 and is authorized to cause MILEPOST to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of MILEPOST, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of MILEPOST.

10. This Court determines and adjudicates that SBA has made a sufficient showing that MILEPOST has violated the Act and the Regulations, as alleged in the Complaint filed against MILEPOST in the instant action, to obtain the relief so requested.

DATED this 13 day of January, 2005.

UNITED STATES DISTRICT COURT JUDGE

**SEEN, STIPULATED AND AGREED:**

Milepost Ventures, L.P., through its authorized representative

By: Christie R. Carlow

Title: General Partner
Milepost Ventures Management, Inc.
General Partner of Milepost Ventures, L.P.

Date: ______

United States Small Business Administration

By: Thomas G. Morris
Thomas G. Morris, Director
Office of Liquidation

Date: 01-26-05

Case 1:05-mc-00078-S-DLM Document 1 Filed 06/14/2005 Page 9 of 18

9. ... //

10. This Court determines and adjudicates that SBA has made a sufficient showing that MILEPOST has violated the Act and the Regulations, as alleged in the Complaint filed against MILEPOST in the instant action, to obtain the relief so requested.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED this 3rd day of June, 2005.

~~UNITED STATES DISTRICT COURT JUDGE~~

**EDWARD M. CHEN**
**UNITED STATES MAGISTRATE JUDGE**

KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
EDWIN L. JOE (SBN 112328)
Special Assistant United States Attorney

455 Market Street, 6th Floor
San Francisco, California 94105-2420
Telephone: (415) 744-8494
Facsimile: (202) 481-1810 or (415) 744-6812
Email: edwin.joe@sba.gov

Attorneys for Federal Plaintiff

MISC 05 0078

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. C 05 – 1195 EMC** |
| | ) | |
| **MILEPOST VENTURES, L.P.** | ) | **E-Filing** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**<u>COMPLAINT FOR RECEIVERSHIP AND INJUNCTION</u>**

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the Small Business Administration, and for its cause of action states as follows:

//

## PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States on behalf of its agency, the Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§687(d), 687c, 687h; the Small Business Act, 15 U.S.C. §634(b)(1); and 28 U.S.C. §1345.

3. Defendant, Milepost Ventures, LP (hereinafter "Milepost" or "Licensee"), is a Delaware limited partnership formed on or about May 27, 1998 that maintains its principal place of business at One Embarcadero Center, Suite 3250, San Francisco, California 94104. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. §1391(b).

## Statutory and Regulatory Framework

4. Milepost was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. §681(c) on or about December 4, 1998 under SBA License No. 09/79-0417 solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. Milepost's sole general partner is Milepost Ventures Management, Inc.

6. Milepost's Limited Partnership Agreement contains an acknowledgement by Milepost that the SBIC would be operated in accordance with the Regulations and the Act at all times.

7. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA

has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

8. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

9. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to Milepost through the purchase and/or guaranty of the following Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $16,265,000 as follows:

| Loan No. | Amount | Date Issued | Rate |
|---|---|---|---|
| 02025351-04 | 1,000,000 | 7/22/99 | 7.540 |
| 02025352-02 | 1,250,000 | 11/03/99 | 8.017 |
| 02025353-00 | 1,000,000 | 02/02/99 | 8.017 |
| 02025354-09 | 250,000 | 12/02/99 | 8.017 |
| 02025355-07 | 1,000,000 | 12/29/99 | 8.017 |
| 02025356-05 | 1,000,000 | 1/19/00 | 8.017 |
| 02025357-03 | 1,000,000 | 1/27/00 | 8.017 |
| 02025358-01 | 200,000 | 2/03/00 | 8.017 |
| 02025359-10 | 225,000 | 04/04/00 | 7.449 |
| 02025360-02 | 750,000 | 7/17/00 | 7.449 |
| 02025361-00 | 325,000 | 7/25/00 | 7.449 |
| 02027751-06 | 575,000 | 7/25/00 | 7.449 |
| 02027752-04 | 175,000 | 8/07/00 | 7.449 |
| 02027753-02 | 175,000 | 8/07/00 | 7.449 |
| 02027754-00 | 650,000 | 8/14/00 | 7.449 |
| 02027755-09 | 250,000 | 8/14/00 | 7.449 |
| 02027756-07 | 150,000 | 9/15/00 | 6.640 |
| 02027757-05 | 220,000 | 9/15/00 | 6.640 |
| 02027758-03 | 625,000 | 9/21/00 | 6.640 |
| 02027759-01 | 1,500,000 | 9/21/00 | 6.640 |
| 02027760-04 | 225,000 | 12/15/00 | 6.640 |
| 02027761-02 | 1,000,000 | 12/15/00 | 6.640 |
| 02027762-00 | 50,000 | 3/2/01 | 6.344 |
| 02027763-09 | 50,000 | 3/9/01 | 6.344 |
| 02027764-07 | 50,000 | 3/20/01 | 6.344 |
| 02027765-05 | 750,000 | 3/30/01 | 6.344 |
| 02027766-03 | 200,000 | 4/10/01 | 6.344 |

| | | | |
|---|---|---|---|
| 02027767-01 | 50,000 | 8/29/01 | 6.030 |
| 02027768-10 | 700,000 | 11/20/02 | 4.524 |
| 02027769-08 | 870,000 | 4/17/03 | 1.820 |

Currently, the entire amount of the Participating Securities balance of $16,265,000 remains outstanding.

10. The Participating Securities described in paragraph 9, above, are subject to and incorporated by reference in the Regulations, including but not limited to the provision of 13 C.F.R. §§107.1820-1850 and §107.507.

11. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as Milepost may be forfeited and the company may be declared dissolved.

12. Section 311 of the Act, 15 U.S.C. §687c, provides that if a determination by SBA that a Licensee such as Milepost, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such Licensee.

## COUNT ONE

## CAPITAL IMPAIRMENT

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. Section §107.1830(c) of the Regulations requires that Milepost not have a condition of Capital Impairment of greater than 85%, as that term is defined under the Regulations.

15. Based on the SBA Form 468 submitted by Milepost for the period ending December 31, 2002, SBA determined that Milepost had a condition of Capital Impairment percentage, as that term is defined under the Regulations, of 182%.

16. By letter dated April 8, 2003, SBA notified Milepost that SBA was placing Milepost into Restrictive Operations, pursuant to 13 C.F.R. § 107.1820(e)(3), and was imposing Restrictive Operation Remedies pursuant to 13 C.F.R. § 107.1820(f) and gave Milepost 15 (fifteen) days to cure their condition of capital impairment.

17. Milepost failed to cure its condition of capital impairment. Therefore as a further consequence of its condition of capital impairment, Milepost was transferred to liquidation status by SBA on April 25, 2003.

18. To date, Milepost has failed to cure its condition of Capital Impairment. The entire principal balance of Participating Securities purchased by SBA of $16,265,000 remains outstanding.

19. Milepost's failure to cure its condition of Capital Impairment is a violation of §107.1830(b) of the Regulations.

20. Milepost's non-compliance with its terms of Leverage under 13 C.F.R. §107.1830(b) is also a violation of Section 13 C.F.R. §107.507(a) of the Regulations for nonperformance of the terms of its Participating Securities and nonperformance of its Application for SBIC License, which is a written agreement with SBA.

Case 1:05-mc-00078-S-DLM Document 1 Filed 06/14/2005 Page 15 of 18

21. SBA has determined that Milepost is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment and is in violation of the Regulations, 13 C.F.R. §§107.1830(b) and 507(a).

22 As a consequence of Milepost's violation of 13 C.F.R. §§107.1830(b) and 507(a) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Milepost.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Milepost, its managers, general partners, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Milepost's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Milepost, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate Milepost's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C. That this Court, pursuant to 15 U.S.C. §687c, take exclusive jurisdiction of Milepost and all of its assets, wherever located, appoint SBA as receiver of Milepost for the purpose of marshaling and liquidating the assets of Milepost and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Order filed simultaneously herewith.

//

D. That this Court grant such other relief as may be deemed just and equitable.

Respectfully submitted,

KEVIN V. RYAN
UNITED STATES ATTORNEY

Dated: March 23, 2005

By: /s/ Edwin L. Joe
EDWIN L. JOE
Special Assistant United States Attorney

Of Counsel:

ARLENE M. EMBREY, ESQ.
Trial Attorney

U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, D.C. 20416
Telephone: (202) 205-6976
Facsimile: (202) 481-0324
Email: arlene.embrey@sba.gov

ADRMOP, E-Filing

# U.S. District Court
# California Northern District (San Francisco)
# CIVIL DOCKET FOR CASE #: 3:05-cv-01195-EMC

United States of America v. Milepost Ventures, LP
Assigned to: Hon. Edward M. Chen
Demand: $0
Cause: 15:631 Small Business Act

Date Filed: 03/23/2005
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**United States of America**

represented by **Edwin L. Joe**
U.S. Small Business Administration
455 Market Street, 6th Floor
San Francisco, CA 94105
415-744-8494
Email: Edwin.Joe@SBA.GOV
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Milepost Ventures, LP**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/23/2005 | 1 | COMPLAINT For Receivership & Injunction - [Summons Issued] against Milepost Ventures, LP, [Filing Fee: Waived/Government Entered on 3/23/05]. Filed by PlaintiffUnited States of America. (tn, COURT STAFF) (Filed on 3/23/2005) Additional attachment(s) added on 4/6/2005 (tn, COURT STAFF). (Entered: 03/24/2005) |
| 03/23/2005 | | SUMMONS Issued as to The Corporation Trust Company, Registered Agent for Defendant Milepost Ventures, LP. (tn, COURT STAFF) (Entered: 03/24/2005) |
| 03/23/2005 | | SUMMONS Issued as to Milepost Ventures Management, Inc. General Partner of Defendant Milepost Ventures, LP. (tn, COURT STAFF) (Entered: 03/24/2005) |
| 03/23/2005 | 2 | ADR SCHEDULING ORDER: Case Management Statement due 8/24/2005 & Initial Case Management Conference set for 8/31/2005 01:30 PM. (Attachments: # 1 Standing Order).(tn, COURT STAFF) (Filed on 3/23/2005) (Entered: 03/24/2005) |
| 03/23/2005 | | CASE DESIGNATED for Electronic Filing. (tn, COURT STAFF) |

| | | |
|---|---|---|
| | | (Entered: 03/24/2005) |
| 05/10/2005 | 3 | CLERK'S NOTICE re consent or decline to proceed before magistrate judge; counsel to respond by 5/24/05. (bpf, COURT STAFF) (Filed on 5/10/2005) (Entered: 05/10/2005) |
| 05/23/2005 | 4 | CONSENT to Proceed Before a US Magistrate Judge by United States of America.. (Joe, Edwin) (Filed on 5/23/2005) (Entered: 05/23/2005) |
| 05/23/2005 | 5 | CONSENT to Proceed Before a US Magistrate Judge by United States of America.. (Attachments: # 1 Signature Page (Declarations/Stipulations) Defendant's Consent and Signature)(Joe, Edwin) (Filed on 5/23/2005) (Entered: 05/23/2005) |
| 05/23/2005 | 6 | SUMMONS Returned Executed by United States of America. Milepost Ventures, LP served on 4/1/2005, answer due 4/21/2005. *By Mailed Extended to May 2, 2005* (Attachments: # 1 Signature Page (Declarations/Stipulations) Signature on Proof of Service on Registered Agent)(Joe, Edwin) (Filed on 5/23/2005) (Entered: 05/23/2005) |
| 05/23/2005 | 7 | SUMMONS Returned Executed by United States of America. Milepost Ventures, LP served on 4/14/2005, answer due 5/4/2005. *General Partner Served* (Attachments: # 1 Signature Page (Declarations/Stipulations) Signature for Service on General Partner)(Joe, Edwin) (Filed on 5/23/2005) (Entered: 05/23/2005) |
| 05/23/2005 | 8 | STIPULATION *for Consent Order of Receivership* by United States of America. (Attachments: # 1 Signature Page (Declarations/Stipulations) Original with Parties Signatures/Not on pleading paper)(Joe, Edwin) (Filed on 5/23/2005) (Entered: 05/23/2005) |
| 05/23/2005 | 9 | AFFIDAVIT of Service for e-filing Notification and Submission of Stipulation on Consent Order served on Milepost Ventures, L.P on 05/23/2005, filed by United States of America. (Joe, Edwin) (Filed on 5/23/2005) (Entered: 05/23/2005) |
| 05/25/2005 | 10 | CERTIFICATE OF SERVICE by United States of America re 8 Stipulation, 9 Affidavit of Service *on Proposed Consent Order* (Attachments: # 1 Signature Page (Declarations/Stipulations))(Joe, Edwin) (Filed on 5/25/2005) (Entered: 05/25/2005) |
| 06/03/2005 | 11 | ORDER APPROVING STIPULATION FOR RECEIVERSHIP ORDER. Signed by Judge Edward M. Chen on 6/3/05. (bpf, COURT STAFF) (Filed on 6/3/2005) (Entered: 06/03/2005) |